**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3005
_____

RONALD RILEY,
                    Appellant

v.

DISTRICT ATTORNEY DAUPHIN COUNTY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:15-cv-01371)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2016
Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: December 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Ronald Riley appeals pro se from the District Court's dismissal of his civil rights

action.  For the following reasons, we will affirm the District Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

Riley is a state prisoner who brought an action under 42 U.S.C. § 1983 against the District Attorney of Dauphin County, Edward M. Marsico. Riley, convicted of rape in 1985, alleged that Marsico violated Riley's constitutional rights when he prosecuted Riley in 2006 for violations of provisions of Pennsylvania's Megan's Law, 42 Pa. Cons. Stat. §§ 9791-9799.41, which was enacted in 1995. Riley alleged that the relevant registration provisions of Megan's Law did not apply to him, and that Marsico misled the state court to secure Riley's guilty plea and conviction.

A magistrate judge recommended that the District Court dismiss the complaint with prejudice for the failure to state a claim on which relief could be granted. Riley filed objections to the magistrate judge's report and recommendation. The District Court then adopted the report and recommendation and dismissed the case with prejudice. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering a dismissal pursuant to 28 U.S.C. § 1915A, we apply the same de novo standard of review as with our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because Riley proceeded pro se in the District Court, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). We may affirm on any ground that the record supports. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

2

III.

The District Court did not err when it concluded that Riley's complaint failed to state a claim. First, Riley's complaint set out what is best construed as a malicious prosecution claim. A § 1983 malicious prosecution claim may not challenge a purportedly illegal conviction unless the underlying conviction has first been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck bars Riley's argument that Marsico wrongfully obtained an illegitimate criminal conviction against him because the conviction has not been invalidated. Moreover, the District Court was also correct to note that Marsico is absolutely immune from civil suit for damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 423-28 (1976) (holding that prosecutors have immunity from suit for actions within the scope of their prosecutorial duties). Riley's malicious prosecution claim therefore fails.

Second, Riley's complaint sets out what is best construed as a Fourteenth Amendment due process claim. Riley's argument is that the relevant registration provisions of Megan's Law did not apply to him. On appeal, Riley has clarified that his argument is that he was not afforded adequate due process for the determination that Megan's Law applied and that he was required to register. Riley raised that claim before in another lawsuit against different parties, and this Court rejected it as meritless. See

3

C.A. No. 15-1649, Per Curiam Opinion issued July 29, 2015. Riley's due process claim therefore fails as well.

Finally, these legal deficiencies with Riley's claims go to the heart of the action and could not have been cured through amendment to Riley's complaint. Consequently, the District Court did not abuse its discretion when it dismissed Riley's complaint with prejudice without first providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

IV.

For the foregoing reasons, we will affirm the District Court's judgment.